Your Honor, it's a good morning. I'm Michael Levine. I'm representing Mr. Adams. I'd like to reserve two minutes for rebuttal, if I may. Sure. Your Honor, the government has not met its burden to show that the Oregon burglary conviction in the second degree is a predicate conviction for purposes of the Armed Career Criminal Act. The government argues that for a preponderance of the evidence standard as their burden. Do you agree with that? No, I don't. I believe that it's a question of law to the extent that they want to get it in under the residual clause, but to the extent that they at the very least it's a mixed question. The Supreme Court and this Court and the other courts have also said it's a demanding requirement. It's been described, the government to establish that this is a predicate conviction. The government has to establish it, quote, clearly and unequivocally, as another quote from the case law. So it's not a preponderance standard. It's a legal question. I believe it's a legal question, ultimately. But at the same time, it's confusing, I admit, because it also talks about clearly and unequivocally, which suggests there's an element of fact-finding. But on the other hand, the Court has clearly said in one of its cases it's a question of law. I cite that in my brief. If the restitution order in this case had said, I agree to pay restitution to the victim for entering his house at such-and-such an address, they would carry their burden, would they not? If the restitution order said that? Yeah. It doesn't say that. I know that. But what if it did? Arguably, I think that they'd have a lot stronger case if the restitution order said that. You'd have evidence in the record that even though it's a second-degree burglary conviction and as a matter of coverage of the statute, it doesn't necessarily include residential burglaries, that would be independent evidence in the record that this burglary was, in fact, of a residence. I think that would be they'd have a much stronger case. I still wouldn't concede that they would have proved it, but they'd have a stronger  Here, the record nowhere approaches that. We have a restitution order, but as you can see from the excerpt of record, it's restitution to five or six different places. We have no way of knowing what the restitution order is for. And for the one particular homeowner, it's $7.02. We have no idea what that's all about. So it's the government has failed to establish that this conviction is a predicate conviction under the modified categorical approach and under the categorical approach, obviously under Grisel. So then the next question is, have they established that under the residual clause, have they established that this conviction for second-degree burglary poses a serious risk of physical harm to another person? And I want to emphasize the word serious. The cases don't seem to talk about that. But that's the language. It's not just poses a risk. It poses a serious risk of potential harm to another person. Now, I respectfully submit that stealing money from a phone booth or stealing money from a car does not pose a serious risk of potential harm to another. I mean, we hear car alarms go off all the time, and nobody responds. And I'm not sure to, you know, I can't say it can't ever, ever be a risk. Of course. But in general, I think the government has fallen far short to establish that a burglary in the second degree. Well, we're in the world of the, even in the residual clause, we said recently, I think it was in Jennings, that in the residual clause, we apply both the modified, we apply the categorical and the modified categories. Yes. Right? So we're in the world of second-degree burglary here in Oregon. Okay. We recently said that with respect to first-degree burglary, that that qualifies under the residual clause. That's true. No question about that. Okay. So we know that, first-degree burglary. And understandably, that's a dwelling. That's a or an occupied building. That's a dwelling. It's a home. It's a residence. Yes. This Court has held that an attempted burglary under Jennings, attempted burglary of dwelling or the curtilage around the home very closely, that does pose a serious risk, clearly, of ---- So we know that second-degree burglary involves a structure of some sort. Well, but under Oregon law, that could be a car. That's correct. That could be a shed. It could be a phone booth. That's right. It could be just a house. That's the problem. We don't ---- No, but listen. Yes. So one of the things that the Court talked about in Jennings was, you know, the fear or the potential for harm. Yes. Okay. Why doesn't that same sort of concern permeate even second-degree burglary? Well, as I say, Oregon ---- What's so qualitatively different between first- and second-degree burglary? What's so qualitatively different is that Oregon's second-degree burglary covers burglary, if you will, of a car or auto tampering or going into a car to ---- Well, you know, my car could be parked on a ---- a car could be parked on a, you know, in front of my house. It could be. I'm out there and confront somebody trying to break into my car. I'm not saying ---- You know, it might cause quite a confrontation. It could. It could. It's very confrontational, you can say. It could. With certain people, it could be very ---- I make sure that, you know, we ---- No, no. I understand. Some people would go outside, other people hide under the covers. It's ---- it could. But the question is, as a general class, does it pose a serious risk? That's why I emphasize serious risk of potential harm to third parties. And I submit that stealing money from a phone booth or from a car that may be parked out front or may be parked a block away or may be parked catty corner across the street, we ---- does not pose a serious risk of potential injury because people aren't responding. They don't respond to car alarms. Police don't respond. Well, could we say that with respect to first degree burglary of a dwelling, that there's a greater likelihood that somebody might actually be in the dwelling? Yes. First degree burglary of a dwelling, yes. There's a likelihood that someone will be in the house. I think that adds to the serious risk, whereas it's not true ---- certainly less true of a car parked on the street. It's less true of a phone booth. We can see, of course, I admit there aren't many phone booths anymore, but there are still some. So and then you look at the ---- What do we do with the fact that Oregon has, for first degree burglary, it's 20-year max. For second degree burglary, it's 5 years max. Well, I think what you do ---- What does that tell us? Well, it tells us a lot. It tells us that Oregon considers second degree burglary as a lot less serious and a lot less potentially risky. And that's why the maximum sentence is 5 years. I think you have to respect and give weight to what the legislature has said. And this is not just a difference between 5 years and 6 years. It's 5 years and 20 years. So the people of Oregon are saying first degree burglary is very serious for that very reason, because of the potential risk of violence, whereas second degree burglary is different by 25 percent, 75 percent less, or whatever the math is on that. It's just not so serious. Let me ask you. What are the elements of second degree burglary? Second degree burglary is break as entry into a structure or a building with the intent to commit a crime. But building is defined as it can be a booth, it can be a car, it can be a vehicle, it can be a boat. So that's the definition of second degree burglary in Oregon. Do you want to save the time? I'll save my time. Thank you, Your Honor. Thank you, Your Honor. Police support. Tom Evans, appearing for the United States in this case. Good morning. When the district judge in this case reviewed the documents under the modified categorical approach that existed in relation to the defendant's burglary conviction, that judge adhered to not only the principles of Federal law in examining the documents, but to the principles of Oregon law that govern the issues of how guilty pleas are made and the issue of lesser included offenses. And those principles are as important to this case as the Federal principles. And I believe that the ---- Well, he pled guilty. Did he admit all the facts and the ---- did he plead as alleged in the complaint? Your Honor, he pled guilty. What we know from the judgment order is that he pled guilty to a lesser ---- He pled guilty to second degree burglary. A lesser included second degree burglary. That's not the crime that was alleged in the indictment. That's correct. But he pled guilty to a lesser ---- He pled guilty to something different. He pled guilty to a lesser included second degree burglary. Still second degree burglary, which is different than first degree burglary, correct? That's absolutely correct, Your Honor. But it is a lesser included offense of the pleaded crime. What does that make? What does that make? It makes a big difference because as has been hypothesized by the defendant in this case, that it was a car down the street, which would be impossible even under the second degree burglary statute, because it's not just a car. It has to be a vehicle adapted for overnight accommodation or for conducting business therein. It had to have been included in the original charging. Let's make it easy. So there's a house and the indictment charges that the defendant entered the house, which is a first degree burglary. Yes, Your Honor. Okay. And it turns out in my hypothetical scenario that there's a storage shed in the back and that the defendant did not enter the house. He entered the storage shed, which is located at the same address. That's a second degree burglary, correct? Conceivably, that would be a second degree burglary involving that address and could be included in the original charge. I agree with that. And that's not necessarily something that meets the generic burglary definition under the ACCA? Well, it is a building or structure. Whether it qualifies under Taylor is a question that I think this Court would have to decide. And so then the question is how do we know, given what we have in the record, whether the facts are as you believe they were or as they were in my hypothetical? How do we know that without drawing inferences? Well, Your Honor, I believe that as the district judge did, he took a careful look at the documents that are at ER 38-41. And if I could cover those documents, I think they do amplify this issue. First, when you do that, would you explain or at least compare it to Cisneros-Perez where there was, in our decision in that case, where there was extensive inferential evidence which was found insufficient? I don't, and I will address whether there were substantial inferences drawn here. I don't think there were necessarily because of the lesser included nature that this crime entails and also the application of the residual clause. But if one looks at ER-41, the indictment, it makes clear that David Lee Morris, the victim in this case, testified at the grand jury, and the grand jury found a burglary in the first degree charge involving a dwelling at the Common Street address in St. Helens, Oregon. Then if we look at the judgment order beginning at ER-38, the convictions clearly for, quote, lesser included burglary in the second degree with the case number that comes from that indictment. As is clear from the judgment order, there were a number of different cases consolidated for judgment in this particular case. At page 2 of the judgment, ER-39, there's a restitution order from Mr. Morris who had testified at the grand jury with the same address. And it's clear from the face of the document without jumping to any substantial inferences that this is a mailing address with a zip code. Okay, now let me give you the Cisneros. I take your point, but I look at Cisneros Perez, and the case is whether the prior crime was a crime of domestic violence. The criminal complaint and judgment revealed that it accused him of beating his wife, Mr. Garcia. The judgment record stated that he pled no contest to committing simple battery. The judgment record noted that he was ordered to enroll in 52 weeks of domestic violence counseling and to stay away from his wife. Okay, now how are those facts any less strong than the inferential leaps you are taking? It's the same kind of piecing it together and saying, you know, you can match up the names. Here was his own wife. There weren't even any other women involved, and it was domestic violence. And that was held not to meet the clear and unequivocal standard that is the law in this circuit at least. How do we get over that? Well, I believe because if we simply look at the lesser-included burglary of the second degree in the judgment finding, the crime of conviction, and we relate it back to the original charge and its pleading. Let me just see where you're going, but I'm trying to understand it, because I'm trying to figure out how would we write an opinion distinguishing the facts of this case. So the lesser-included offense pled first degree burglary, which involves a dwelling, which had it been pled to, you know, we have the law on that, but they didn't. So what is the inference of dropping it down to a second degree? Is it because they didn't think they can prove it was a dwelling of the nature that would sustain a first degree and that, therefore, maybe it was an RV down the road, so it had overnight capacity? It was a shack that was way, way, way away from the main house, and he stole a screwdriver? I mean, how can we make the distinction turn on lesser-included? Well, I appreciate the question. I think where we go in this case and where the opinion for this court could go is that you were examining the pleadings. And I believe in the case the Court referred to, there was some analysis of information outside of the pleadings. But the pleading here addresses a common street address in St. Helens, Oregon. And under the Kilgore ---- It was the complaint and judgment record, though, wasn't it? Pardon? The complaint and the judgment record. But the judgment record, as this judgment record includes extraneous information to the pleading. And I believe the pleading is where the modified categorical and particularly the categorical approach has always been restricted. And there have been no limits placed upon an examination of the pleadings. And here we have a pleading that involves a common street address, which under the Kilgore case allows this Court to ---- You still have to draw an inference that it's a dwelling. No. All you have to do is find in this case, Your Honor, that it's an ordinary building or structure. You don't have to find that it was a dwelling in order to satisfy the elements of violent felony. And that's why the cases that have been amply cited to by the defendant from outside of the circuit are so unhelpful. They had the added burden of having to prove a dwelling under the crime of violence definition and the sentencing guidelines, all three of those cases from outside of the circuit. And I concede that if we had to affirmatively find in this case that that address was a dwelling, we might have a problem here. But it's still a common street address and a building or structure under Taylor which allows for a finding of violent felony under the Armed Perpetrator Act. But then what about if the structure is a phone booth, to use Judge Pius' line of thinking? What if it's a phone booth? Does that get you there under Taylor, under the ACCA? I believe a phone booth, as a speculative hypothesis, just should not be a part of this case. The Duane S. Alvarez case talks about reasonable probability and not theoretical possibilities. Oh, sure. I thought I read a case from the Oregon Court of Appeal where somebody was convicted of secondary burglary for burglarizing a phone booth. And I submit that on the record you have before you in this case, there's no conceivable possibility that what was involved here was a phone booth in Judge Reza. Because it's a common street address? Because it's a common street address and we have a victim who's named. Phone booths are owned by the phone company. But then what if it's a storage shed? What if it's an RV that hasn't been used for 10 years? And I don't mean to ask silly questions, but you could have a structure at that street address that isn't a dwelling. Well, that's why I think we need to return to Oregon law, which says that- Yeah, that was where I was going. So how does Oregon law help us here? Well, I think that's where this is important. The lesser included plea has to be responsive to the original charging instrument. In other words, a lesser included of the dwelling is a building that is simply a building. In order to commit first degree burglary in Oregon, the first step of the elements is to commit second degree burglary. In fact, it's explicitly so. And so the building that's the lesser here is simply a building that isn't classified, but it's still the building that exists at that common street address. Well, we know that the problem here is all we know is that he pled guilty to second degree burglary. We don't know anything more than that. We know that it was a lesser included of the crime that was pled. It has to be a lesser included of first degree burglary. Yes. What are the elements that differ second degree from first degree? The ones that matter here are that it's a dwelling. It's the commission of second degree burglary and that it's a dwelling in order to get to first degree burglary. There are other ways of committing first degree burglary that I don't think are relevant. Is it your position that we're dealing with a dwelling? I think all evidence suggests that it was a dwelling, but you don't have to find that. And Judge Redden didn't conclude that. He found it was a building. His findings use the word building and that it followed under the ---- So it was a second degree burglary of a building. Yes, Your Honor. And we say here that ---- What do we do with Oregon's definition of a building? Well, I don't think that it's ---- Do we disregard that? No, you don't disregard it, but I think you have to look at the possibilities that could have become included or lesser included in the offense that was pled. The suggestions that it's a ---- I'm sorry, Your Honor. Well, we're running out of time. I just want to make sure I understand. The ---- It's a ---- First degree would have to be a dwelling, right? Yes. Okay. The second degree could be within that category because it may not be a dwelling, but it would be a building. Yes, Your Honor. Okay. And we know it's a building that's ---- It's a building or structure that is not a phone booth or a car because it is associated with a specific common street address. Yes, Your Honor. So we take those together plus the restitution order, and we find from that that it was a building slash structure at X address and that money got paid to the owner of that structure slash building. Yes, Your Honor. I think that that is part of this case, and the residual clause argument that I just choose to make very briefly with the limited time I may indulge. You don't have any time. I don't have any time. Just to make it quick. I'll make that very quick. The residual clause has found a violent felony to be found even where there was attempted burglary. And under Begay, we have all the elements satisfied here. We have a similar type of offense. It's burglary. We have the degree of the offense. That was attempted burglary. Wasn't that attempted burglary of a first degree burglary in Florida? In Florida, yes. First degree. Yes. But we have a burglary that's associated with a common street address here with a named victim who receives mail there. Okay. There's a risk to him and to Biden. Can I just beg my colleague's indulgence for one more question? You said there were some special considerations under Oregon law regarding lesser included. What are they? How is a lesser included different in Oregon, say, than it is in California? I'm glad the Court asked me that because knowing that the panel was from California, I did some research about what that means in California. There's a case called People v. West that's commonly cited to in state court in California where a person can come into court and plead guilty to a lesser offense that's simply reasonably related to the conduct that's expressed in the charging instrument. You can't do that in Oregon. You have to respond. The problem with the People v. West plea is that the defendant doesn't admit to anything. Well, as I read West, and that involved where the person was charged with possession of marijuana and pled guilty to working in a house. Yeah. Being in a house where marijuana is smoked or something. And it's not technically a lesser included offense. That would fail under Oregon's definition. I understand, but the question is how much symmetry do you have to have? In other words, the lesser included is a broader class of structures than just dwellings, correct? Yes. Is there anything else about it? I mean, you know you have to illegally enter into something with intent to commit a crime. Those are the elements of all species of burglary. Yes. But the structure that you're entering determines the degree. I submit that it would still have to be related to the originally charged offense. In order to go outside of that, and that's not just the definition of lesser included, but it's ORS 135-335. Right. But it could be some type of structure that is not inherently one where you're going to come upon occupants. It could be a storage shed. It could be some other kind of structure on the same property. But in this case, Your Honor, we know that it's associated with this common street address, which we can discern was a dwelling and which has the same inherent risks. I'm sorry. I know we're going way over time here. We know that there is a dwelling at that street address. We don't know that what this defendant entered at that street address or admitted entering at that street address is that same dwelling. I agree. But it was a building of structure, and I believe that it qualifies both under the primary clause of the Armed Criminal Act of burglary, and it also qualifies under the residual clause because of the inherent risk that comes with that common street address and bystanders and police who may respond. And the law has never required occupancy to actually occur. Okay. Got it. Okay. Thank you. Thank you very much. Do you have some time? Just a minute. The government has repeatedly stated that we know it's associated to this address, and Your Honor, I think, put his finger on it. We know nothing of the kind. All we know from excerpt of Rep. 41 that the client did not plead guilty to this indictment. He essentially pled guilty to, if you will, not this indictment, but second-degree burglary, which ended with the building, period. The street address goes out. He never – there's nothing in the record to show he admitted to entering the house at this address. We don't know what he said. We can't speculate. What about the restitution aspect that says he's to pay money to somebody at that address? Yes, it says that, but we don't know why. We don't know. You have to infer. You have to draw conclusions. It's not clear and unequivocal. There's – I've listed out four or five cases in the opening brief. And I understand the cases. You can't speculate about that. No, I understand. Thank you, Your Honor.  Thank you both. The case argued is submitted. Okay, the next case on calendar is Humane Society v. Gutierrez.
judges: Fogel, Fisher, Paez